IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONQUEST OFFSHORE BV, et al., <br>     Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION: 1:19-000621-KD-MU |
| M/V PRETTY TEAM, *et al.*, <br>     Defendants. | ) <br> ) <br> ) | |

**ORDER**

This matter is before the Court on Ameropa AG's unopposed motion for extension of time to file an answer (Doc. 71), which has prompted a review of the record.

On September 9, 2019, this case was transferred to the S.D.Ala. from the M.D.Fla. (Doc. 28). On September 6, 2019, then defendant Ameropa AG was dismissed via Plaintiffs' voluntary dismissal and the Court's order on same. (Doc. 27). As such, as of the date of the transfer, Ameropa AG was no longer a defendant in this action. On October 28, 2019, Plaintiffs filed an amended complaint. (Doc. 36). In the Amended Complaint, however, Plaintiffs name Ameropa AG as a "newly added defendant[]." (Id.)

Rule 15 of the Federal Rules of Civil Procedure provides the avenue for amending complaints. Rule 15(a) provides for amendments as a matter of course within a 21-day time frame. The original complaint was filed on July 12, 2019 in the M.D.Fla., and an amended complaint was filed on July 26, 2019. (Docs. 1, 16). Thus, the time for amending as a matter of right has clearly expired. As such, the only vehicle for amending the complaint is Rule 15(a)(2), which provides for amendment outside of the 21-day window. See e.g., Murphy v. Secretary, U.S. Department of Army, 769 Fed. Appx. 779, 783 (11th Cir. 2019) ("Once 21 days have passed since filing a

complaint, a party may amend her pleading only with the opposing party's written consent or the court's leave."). Additionally, Rule 15(a)(2) states "[t]he court should freely give leave when justice so requires." And "[t]here must be a substantial reason to deny a motion to amend." Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). The court "may consider several factors...including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies...undue prejudice to the opposing party...[and] futility...." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340-1341 (11th Cir. 2014).

The basis for Plaintiffs' amended complaint is unknown. While it appears there has been no undue delay, the Court is without information to determine whether there is undue prejudice or whether Defendants consent.

Upon consideration, the Court construes Doc. 36 as a **proposed** amended complaint and a request to amend pursuant to Rule 15(a)(2)[1]. Any Opposition shall be filed on or before **March 18, 2020. If no opposition is timely filed, the Amended Complaint will be deemed filed on March 19, 2020.**

Ameropa AG's motion for extension of time to file an answer is **MOOT**.

**DONE** and **ORDERED** this the **4th** day of **March 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

1 The Clerk of Court is directed to revise Docket entry 36 as a motion to amend.