IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONQUEST OFFSHORE BV, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:19-000621-KD-MU |
| | ) | |
| M/V PRETTY TEAM, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion to substitute the bankruptcy trustee as the party Plaintiff in this case (Doc. 97) and Defendants' responses (Docs. 101, 102).

Plaintiffs seek to substitute, as the party-plaintiff, a Dutch bankruptcy trustee. This is because on or about January 21 and April 21, 2020, Plaintiffs were declared bankrupt under Dutch law by the courts "Noord Nederland" (Haarlem, the Netherlands) and "Zeeland-West-Brabant" (Middelburg, the Netherlands), which appointed/delegated the supervisory duties to the Rotterdam Court. Additionally, the Declaration of Cornelis van den Bergh (Doc. 97-1) indicates he was appointed as the Dutch Bankruptcy Trustee. Plaintiffs explain that as a consequence of their bankruptcy under Dutch law, they no longer maintain an interest in their assets which are part of the estate, and the Trustee has exclusive authority (subject to approval of the supervisory judge) to act on behalf of the estate regarding those assets, including the claims in this case. In response, Defendants do not object, but assert they "do not waive any defenses arising out of or relating to the substitution, and… reserve their rights to challenge the substitution and/or the issues of standing and/or real party in interest after discovery has been conducted."

Rule 25(c) of the Federal Rules of Civil Procedure applies to cases where an interest is

transferred <u>after</u> litigation has commenced, such as here, and states in relevant part: "(c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party...."  See, e.g., Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1407 (11th Cir. 1998) ("Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins. *See National Ind. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.,* 748 F.2d 602, 610 (11th Cir.1984); *Mizukami v. Buras,* 419 F.2d 1319, 1320 (5th Cir.1969)*[]*"); Burr & Forman, LLP v. Perihelion Global, Inc., 2010 WL 115614804, *1 (N.D. Ala. Jan. 27, 2010) (same).  This includes a successor in interest who obtains the assets of a corporation after litigation commenced.  See, e.g., *Matter of Covington Grain Co.,* 638 F.2d 1362, 1364 (5th Cir. Mar. 13, 1981)[1] ("Rule 25(c) .... is designed to allow the action to continue unabated when an interest in the lawsuit changes hands[]"). As summarized in Vision Bank v. Algernon Land Co., L.L.C., 2012 WL 827011, *1 (S.D. Ala. Mar. 12, 2012):

> "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co.*, 13 F.3d 69, 71 (3rd Cir. 1993), *citing Froning's, Inc. v. Johnston Feed Service, Inc.,*568 F.2d 108, 110 (8th Cir. 1978)(assignment of claims); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966)(merger); *Hazeltine Corp. v. Kirkpatrick,* 165 F.2d 683, 685–86 (3rd Cir. 1948)(transfer of patents).

Moreover, bankruptcy trustees may be substituted as the plaintiff in a case as the successor in interest.  See, e.g., Cody v. Charter Communications, LLC, 2020 WL 3639935, *7 (S.D.N.Y. Jul. 6, 2020) ("….a bankruptcy trustee may be substituted in as the plaintiff....pursuant to...Rule 25(c)....*Taberna Cap. Mgmt., LLC v. Jaggi*...2010 WL 1424002, at *4 (S.D.N.Y. Apr. 9, 2010) (...a

---

[1] Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

bankruptcy trustee has 'standing and statutory authority to assert...claims' because 'any recovery ...will flow exclusively to the bankruptcy trust for distribution in accordance with the bankruptcy plan')…."[]); Copelan v. Techtronics Indus. Co., Ltd., 95 F. Supp. 3d 1230, 1234 (S.D. Cal. 2015) ("'When a plaintiff files for bankruptcy after the initiation of [his] suit, the claims become the property of the bankruptcy estate and the trustee of the estate becomes the real party in interest.' Ritz Camera & Image, LLC v. Sandisk Corp....2013 WL 3387817, at *2 (N.D. Cal. July 5, 2013) (citing Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003)....[]"). Further, the disposition of a Rule 25(c) motion is committed to the sound discretion of the trial court. Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1357-1358 (11th Cir. 1994); National Ind. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 610 (11th Cir. 1984).

Upon consideration, and based on Plaintiffs' assertions, bankrupt status, and the Declaration of Cornelis van den Bergh, the Court finds that the Bankruptcy Trustee is the transferee and successor in interest to Plaintiffs' assets and thus is a proper substituted party. Accordingly, it is **ORDERED** that Plaintiffs' Rule 25(c) motion is **GRANTED** such that Cornelis van den Bergh, as Bankruptcy Trustee, is **SUBSTITUTED** as the Plaintiff in this action for Plaintiffs Conquest Offshore BV and Conquest Offshore Operations BV.  The Clerk is **DIRECTED** to correct the record to reflect this substitution.

**DONE** and **ORDERED** this the **21st** day of **July 2020.**

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**CHIEF UNITED STATES DISTRICT JUDGE**