IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIS VAN DEN BERGH, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 19-0621-KD-MU |
| | ) |
| M/V PRETTY TEAM, etc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Re-Urged Joint Motion to Dismiss Plaintiff's Claims with Prejudice, pursuant to Rule 41(b), Rule 37(b), or Rule 37(d) of the Federal Rules of Civil Procedure. (Doc. 161). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a). Having reviewed and considered the relevant pleadings, the parties' briefs, and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's complaint be **GRANTED** for the reasons set forth below.

## **PROCEDURAL HISTORY**

A review of the procedural history in this case, with some added commentary, is necessary in view of the nature of the instant motion. This action was initially filed by Conquest Offshore BV and Conquest Offshore Operations BV (together "Conquest") in the United States District Court for the Middle District of Florida on July 12, 2019. *See* Doc. 1. The case was transferred to this Court on September 9, 2019. (Doc. 28). On February 11, 2020, the Court, after granting two joint requests for continuances to allow

Plaintiff to make service on certain defendants, conducted the initial Rule 16(b) scheduling conference with the parties. (Docs. 37, 61, 65). The initial scheduling order, which was entered on February 12, 2020, set dates and deadlines in accordance with the requests of the parties as set forth in their Rule 26(f) report. (Doc. 63). The discovery cut-off was set for February 19, 2021, the pretrial conference was set for June 10, 2021, and the trial was set for the July 2021 term. (Doc. 66).

Plaintiff commenced its long line of requests for extensions of time less than a month from the date on which the scheduling order was entered. On March 2, 2020, more than seven months after Plaintiff filed the complaint, Plaintiff sought an amendment to the scheduling order extending the time for making its initial disclosures and responding to written discovery requests propounded by Defendants by thirty days. (Doc. 69). Because Plaintiff's counsel represented to the Court that he had learned on February 23, 2020, that Conquest had filed or been placed in bankruptcy in the Netherlands and, therefore, needed additional time to communicate with his client to confirm that his representation of Plaintiff would be continuing, the Court granted Plaintiff's motion extending the deadline to April 1, 2020. (Docs. 69, 70). Although Defendants made initial disclosures on April 1, 2020, Plaintiff again filed a request for an extension of that deadline based upon the bankruptcy and the impact of Covid. Defendants opposed the motion. (Docs. 77, 79, 81, 82). Based on the grounds set forth by Plaintiff, the Court granted Plaintiff's request for an extension to May 1, 2020, stating that no further extensions would be allowed absent extraordinary circumstances. (Doc. 87).

May 1, 2020, came and went without Plaintiff making initial disclosures and providing discovery responses; instead, another request for an extension of time was made. (Doc. 91). After conducting a hearing on the motion, the Court found that extraordinary circumstances had been shown due to the foreign bankruptcy in conjunction with the early days of the Covid pandemic and granted an extension to June 15, 2020. (Doc. 93). On June 15, 2020, Plaintiff filed notice that it had made initial disclosures and responded to discovery. (Docs. 94, 95, 96).

On July 21, 2020, the Court entered an order substituting Cornelis van den Bergh, as Bankruptcy Trustee, as the plaintiff in this action in place of Conquest. (Doc. 104). Due to delays from the foreign bankruptcy associated with the Covid pandemic, the parties filed a joint motion for a scheduling conference on October 12, 2020. (Doc. 105). After conducting a teleconference with the parties, during which shortcomings with Plaintiff's initial disclosures and discovery responses were brought to the Court's attention, the Court entered an order requiring Plaintiff to supplement its initial disclosures and discovery responses by November 18, 2020. (Doc. 108). The Court also ordered the parties to file a joint motion setting forth agreed upon dates for amendment of the scheduling order. (*Id.*). After considering the parties' joint motion, on November 13, 2020, the Court entered an amended scheduling order setting the deadline for discovery to August 19, 2021, the pretrial conference for December 9, 2021, and trial for January of 2022. (Doc. 111).

On November 18, 2020, Plaintiff filed a motion seeking another extension of time to supplement his discovery responses and initial disclosures. (Doc. 112). In his motion, Plaintiff stated that he had produced over 7,500 documents to Defendant Core

3

Industries and that additional responsive documents were being sought, but it was counsel's understanding that those documents were located aboard the Crane Barge Conquest MB1, that the vessel had recently been towed to Portugal under new ownership, and that transit to and from the vessel had been prohibited or limited by the Portuguese government. (Doc. 112 at p. 2). Because of the exigent circumstances set forth by Plaintiff, the Court granted him until December 3, 2020, to provide supplementation and cautioned Plaintiff that the Court would be disinclined to grant any further extensions. (Doc. 113).

On May 12, 2021, the Court conducted a status conference to discuss amendments to the scheduling order and other discovery related issues. After the conference, the parties submitted a joint motion seeking amendments to the scheduling order. (Doc. 123). The Court granted the motion, extending the date for supplementing initial disclosures to May 28, 2021, the deadline for completion of discovery to February 18, 2022, the pretrial conference to June 9, 2022, and the trial to July of 2022. (Doc. 125). On October 19, 2021, the parties again filed a joint motion for amendments to the scheduling order. (Doc. 134). After conducting a status conference, the Court, acknowledging the difficulties caused by the foreign bankruptcy amid the Covid pandemic, granted the motion extending the discovery deadline to May 18, 2022, the pretrial conference to August 4, 2022, and the trial to September of 2022. (Doc. 139). In the order and orally at the conference, the Court cautioned the parties that failure to abide by these dates and cooperate in the prosecution or defense of this action could lead to dismissal of claims or to factual matters being deemed admitted, as well as to other sanctions. (*Id.*).

On November 24, 2020, Defendants had issued a "TBD" notice of deposition for Plaintiff's 30(b)(6) corporate representative and a "TBD" notice of deposition for Melissa Hayes, the vessel's captain at the time of the incident. (Doc. 114). Defendants thereby gave clear intent of their desire to take these two depositions. These depositions had not been scheduled by the fall of 2021. On November 3, 2021, the day after the status conference at which Plaintiff's counsel gave assurances to the Court and the other parties that Plaintiff would comply with the amended scheduling order deadlines to which he had agreed, counsel for Defendant International Materials renewed the pending request for depositions and circulated his availability through the end of the year. (Doc. 142-1 at p. 3). Each of the Defendants' counsel promptly responded with their availability. (Doc. 142-1). Having heard no objection to the available dates from Plaintiff, on November 11, 2021, counsel for Defendant International Materials noticed the deposition of Melissa Hayes, the vessel's captain, for November 23, 2021. (Doc. 142-1 at pp. 5-8). On November 22, 2021, seemingly for the first time, Plaintiff advised that it was not under an obligation to produce Ms. Hayes or Mr. Zwagerman, who as a partial owner of Conquest and/or the vessel, had been identified as someone with knowledge by Plaintiff, because they worked for independent management companies. He also advised that Ms. Hayes had not responded to counsel concerning her appearance at the deposition. (Doc. 142-3). Counsel for Defendants then immediately proceeded to attempt to obtain information from Plaintiff to locate Ms. Hayes and to otherwise depose any person associated with Plaintiff who would be able to provide the information upon which Plaintiff's claim is based. (*See* Docs. 142-4, 142-5, 142-7, 142-

8, 142-9, 142-10). Defendants were able to locate Ms. Hayes on their own and took her deposition shortly before the Court's February 17, 2022 hearing. (Doc. 161 at p. 9).

Defendants' counsel provided Plaintiff's counsel a 30(b)(5)/ 30(b)(6) notice of deposition on December 9, 2021, which was very similar to the one that had been noticed in November of 2020, and asked Plaintiff's counsel to respond within seven days with dates for the deposition(s). (Doc. 142-10 at p.2). Defendants' counsel clearly advised that if he had not heard back in seven days, he would select a date that worked for everyone else. (*Id.*). After not hearing anything from Plaintiff's counsel by December 17, 2021, Defendants' counsel agreed on a date, and, on December 20, 2021, the 30(b)(6) deposition of Plaintiff was noticed for December 29, 2021. (Doc. 142-11). At 4:00 p.m. on December 28, 2021, Plaintiff's counsel responded for the first time by sending an email to counsel for Defendants objecting to the 30(b)(6) deposition scheduled for the next morning and apologizing for not being responsive to the earlier emails sent by defense counsel seeking dates for the deposition. (Doc. 142-12). Plaintiff did not file a motion to quash or an objection to the deposition. (Docket Sheet). Plaintiff failed to attend its own 30(b)(6) deposition; therefore, a verbal record was made documenting Plaintiff's nonappearance. (Doc. 161 at p. 10).

On January 4, 2022, Defendants filed a joint motion to dismiss Plaintiff's claims with prejudice based upon Plaintiff's failure to participate in discovery, to comply with the Court's scheduling order, and to prosecute its case. (Doc. 142). After thorough briefing from both sides and oral argument, the Court entered an order taking the motion to dismiss under submission and ordering the following: 1) Plaintiff was ordered to produce the attachments/material that were missing from Plaintiff's expert's

designation/report by close of business on February 18, 2022; 2) Plaintiff was ordered to designate its 30(b)(6) deposition representative on or before March 3, 2022, and it was further ordered that the 30(b)(6) representative's deposition must be taken on or before March 21, 2022; and 3) because Defendants had not received the information from Plaintiff that their experts needed to prepare their reports, Defendants' expert designation deadline was temporarily suspended. (Doc. 158). The parties were also ordered to file a status report on March 22, 2022. (*Id.*). Plaintiff's counsel was instructed to email a copy of the order to Plaintiff as soon as possible and no later than close of business on the following day. (*Id.*).

On February 18, 2022, Plaintiff produced the attachments/materials that were missing from Plaintiff's expert's designation/report and counsel for Plaintiff forwarded the Court's order to Plaintiff. (Doc. 160 at p. 2). On March 3, 2022, Plaintiff designated Mr. van den Bergh and Mr. Zwagerman as its 30(b)(6) deposition representatives. (*Id.*). Between March 3 and March 8, 2022, the parties circulated their availably and agreed to conduct Mr. Zwagerman's deposition on Monday, March 14, 2022, starting at 8:30. (*Id.*). For reasons unknown to the Court, Counsel and Mr. van den Bergh were unable to schedule Mr. van den Bergh's deposition to take place on or before March 21, 2022. (*Id.*). Mr. van den Bergh's deposition was scheduled to take place on April 8, 2022. (Doc. 161 at p. 11). On Friday, March 11, 2022, Plaintiff's counsel informed the parties that Mr. Zwagerman would speak to topics 4, 5, 8-22, 25, 28-37 and that Mr. van den Bergh would speak to the balance of the topics. (Doc. 160 at p. 2). Plaintiff's counsel also produced 66 pages of documents in response to the duces tecum. (*Id.*). Also on Friday, March 11, 2022, Plaintiff's counsel informed Defendants that Mr.

7

Zwagerman reported that his doctor advised that he should not participate in the deposition for more than one hour due to his current medical condition. (*Id.*). Two of the Defendants responded refusing to agree to such a time limitation. (*Id.*). Counsel for Defendant International Materials requested a copy of the doctor's note regarding this instruction to Mr. Zwagerman, but none was produced. (*Id.*). On Monday, March 14, 2022, less than an hour before the deposition was scheduled to commence, counsel for Plaintiff informed the parties that Mr. Zwagerman was not available for deposition due to illness; therefore, his deposition was rescheduled for April 8, 2022. (*Id.* at pp. 2-3).

Plaintiff's counsel shortly thereafter advised that Mr. van den Bergh was no longer available for deposition on April 8, 2022, because of a scheduling conflict. (Doc. 161 at p. 12; Doc. 163 at p. 3). The Court notes that this date was already more than two weeks past the date the Court had ordered that the 30(b)(6) depositions be taken. (Doc. 158). Defendants made numerous requests for dates for the deposition, but none were provided prior to the filing of the instant renewed motion to dismiss on April 22, 2022, which was more than a month past the deadline set by the Court for the 30(b)(6) deposition and only twenty-six days before the discovery deadline. (Docs. 158, 139). The deposition of Mr. Zwagerman, who had been designated as the corporate representative on at least 26 topics, began on April 8, 2022. (Doc. 161 at p. 12). After approximately two hours of testimony, during which Mr. Zwagerman reportedly stated that he had no information regarding many of the areas of inquiry for which he was designated, he unilaterally suspended the deposition because he was not feeling well. (*Id.*). Mr. Zwagerman refused to produce documents from a physician limiting his ability to testify. (*Id.*). As of April 22, 2022, despite repeated requests, Plaintiff had not

provided dates for the continuation of Mr. Zwagerman's deposition. (*Id.*). On April 25, 2022, three weeks prior to the extended discovery deadline, Plaintiff's counsel advised that he had learned that Mr. Zwagerman was no longer willing to be designated as a corporate representative of Plaintiff, and therefore, Mr. van den Bergh would be designated as Plaintiff's corporate representative for all the requested 30(b)(6) topics. (Doc. 163-1). He further advised that Mr. van den Bergh was available on May 3, 5, 10, and 13, 2022. (*Id.*). Defendants did not respond and did not reschedule the 30(b)(6) deposition. (Doc. 163 at p. 3). The discovery deadline expired on May 18, 2022, without Plaintiff appearing for his deposition and with little to no expert discovery having taken place.

## LEGAL ANALYSIS

In their motion to dismiss, Defendants argue that Plaintiff's claims are due to be dismissed pursuant to Rule 41(b) and/or Rules 37(b) and 37(d) of the Federal Rules of Civil Procedure because Plaintiff has failed to prosecute its case, failed to comply with the Federal Rules of Civil Procedure, failed to appear for its scheduled corporate representative deposition, and failed to comply with this Court's operative scheduling Order (Doc. 139) and subsequent direct orders regarding the discovery at issue.

Rule 41(b) of the Federal Rules of Civil Procedure states:

> **If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.** Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

9

Fed. R. Civ. P. 41(b) (emphasis added). "Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules." *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash RR Co.,* 370 U.S. 626, 630-31 (1962)). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders and/or the Federal Rules of Civil Procedure. *See, e.g., State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."); *Prim v. Brennan*, No. CV 16-0118-KD-MU, 2017 WL 9510093, at *1 (S.D. Ala. June 14, 2017), *report and recommendation adopted*, 2017 WL 5153399 (S.D. Ala. Nov. 7, 2017) (holding that dismissal is proper when a party fails to prosecute, comply with the court's orders, and the Federal Rules of Civil Procedure).

Based on the above recitation of the proceedings in this case, it is clear that Plaintiff has failed to comply with this Court's orders, particularly the February 17, 2022 order, which was a last attempt by the Court to allow Plaintiff to right his ship, and has failed to prosecute his case. Plaintiff has failed to prosecute this action by failing to supplement discovery, failing to produce expert reports, and failing to present witnesses for deposition, including its own corporate representative. The delays Plaintiff caused have gone well beyond those justified by the Covid pandemic and witnesses being located abroad, especially in this age of Zoom depositions and dropbox discovery.

These delays and Plaintiff's disregard for discovery obligations have resulted in prejudice to Defendants and a burden on the Court's docket. Plaintiff, through its lack of participation and lack of communication, seemingly even with his own counsel, has not demonstrated a serious desire to continue this action. Although this case was filed on July 12, 2019, discovery has not progressed beyond an exchange of written discovery and two fact witness depositions, both of whom largely claimed a lack of knowledge. Plaintiff had ample time and opportunity to participate in its own case and provide, at the least, initial disclosures prior to its bankruptcy. It is simply not the responsibility of this Court or of the defendants in a case to take up the charge on behalf of the plaintiff, especially one represented by counsel. Dismissal would clearly be an appropriate sanction under these circumstances. *See Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (holding that, where necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in court calendars, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order").

Plaintiff's claims are also due to be dismissed pursuant to Rule 37(b) and/or Rule 37(d) of the Federal Rules of Civil Procedure. Rule 37(b)(2)(A) states:

> **If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery**, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: … **(v) dismissing the action or proceeding in whole or in part**…

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d)(1)(A)(i) reads in relevant part:

> The court where the action is pending may, on motion, order sanctions if: (i) **A party or a party's officer, director, or managing agent – or a person designated under Rule**

11

> **30(b)(6)…fails, after being served with proper notice, to appear for that person's deposition…**

Fed. R. Civ. P. 37(d)(1)(A)(i).

The recitation of the proceedings demonstrates that Plaintiff has failed to cooperate with efforts to take its corporate representative's deposition in this action, including a failure to appear for a properly noticed deposition. The failure to do so unfairly prejudices and deprives Defendants of the ability to obtain specific knowledge of the allegations made against them, to properly assert defenses in this action, and to otherwise prepare for trial. *See Fields v. HL-A Co.,* No. CA 20-0580-MU, 2021 WL 4944030, at *1 (S.D. Ala. Oct. 22, 2021) (dismissing plaintiff's claims as a sanction for her failure to appear for her duly noticed deposition); *Lawshe v. Baber's Inc*., No. CV 1:19-00035-JB-N, 2020 WL 8085175, at *2-3 (S.D. Ala. Dec. 8, 2020), *report and recommendation adopted*, 2021 WL 67279 (S.D. Ala. Jan. 7, 2021) (dismissing plaintiff's claims with prejudice for failure to appear for her deposition on multiple occasions and failure to comply with the court's orders); *Sullivan v. PJ United, Inc*., No. 7:13-CV-01275-LSC, 2017 WL 10575860, at *9 (N.D. Ala. Oct. 16, 2017) (granting defendants' motion to dismiss certain plaintiffs and holding that those plaintiffs' failure to appear for depositions prejudiced defendants' ability to evaluate the case). Further, as previously noted by this Court, "a wealth of authority" supports dismissal when a plaintiff engages in misconduct related to discovery. *See Longcrier v. HL-A Co*., No. CIV A 08- 0011-WS- C, 2009 WL 959554, at *1 (S.D. Ala. Apr. 7, 2009) (holding that plaintiffs "demonstrated bad faith in failing and refusing to cooperate with defendant's counsel's setting of their depositions," despite their counsel's efforts to secure their appearance, when they "willfully failed and refused to attend their depositions" even

after defendant's counsel rescheduled to accommodate them); *Drayton v. McIntosh Cty., Ga.*, No. 2:16-CV-53, 2020 WL 5258228, at *2 (S.D. Ga. Sept. 3, 2020) (dismissing plaintiff's claims with prejudice for her failure to appear for her deposition or comply with the court's orders because "the Court has no reason to believe that [plaintiff's] flagrant disregard of her obligations as a litigant will be rectified by an order containing sanctions short of dismissal with prejudice"); *Leavell v. Washington Grp. Int'l, Inc.*, No. 1:07-CV-1843-VEH, 2008 WL 11376584, at *4 (N.D. Ala. May 22, 2008) (dismissing plaintiff's complaint with prejudice for failure to appear for her deposition, adequately participate in discovery, and comply with the court's orders).

This Court has cautioned Plaintiff, **on multiple occasions**, that failure to prosecute or cooperate could lead to a dismissal of all claims. Even in the face of these warnings, Plaintiff did not comply. The Court finds that any further extensions or cajoling would be futile. At some point, apologies and excuses are simply not enough. Accordingly, dismissal with prejudice is the appropriate sanction in this case, pursuant to Rule 41(b), Rule 37(b), and/or Rule 37(d) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Because of Plaintiff's continued failure to comply with the Court's orders and his failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that Defendants' joint motion to dismiss Plaintiff's complaint be **GRANTED** and that Plaintiff's complaint be **DISMISSED, with prejudice,** pursuant to Rules 41(b), 37(b), and/or 37(d) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua*

*sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

      **DONE** this the **27th** day of **May, 2022**.

                                            <u>s/P. BRADLEY MURRAY</u>
                                            UNITED STATES MAGISTRATE JUDGE